1  **RICHARD M. MARTINEZ, SBA No. 7763**
2  307 South Convent
   Tucson, Arizona 85701
3  (520) 327-4797 phone
   (520) 320-9090 fax
   richard@richardmartinezlaw.com
4  **Counsel for Plaintiff**

5              IN THE UNITED STATES DISTRICT COURT

6                  FOR THE STATE OF ARIZONA

7  MARTHA CASTILLO,                    )
                                       )
8          Plaintiff,                  )
                                       )
9  v.                                  )
                                       )    COMPLAINT
10 WELLS FARGO BANK, Inc.,             )
   a California corporation,           )
11                                     )    (Jury Trial Demanded)
           Defendant.                  )
12 _____ )

13      Plaintiffs allege:

14                       I.  JURISDICTION

15      1.  Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 42

16 U.S.C. § 2000e-5 (f)(3).

17                        II.  VENUE

18      2.  Venue is proper in this court because defendant engaged in unlawful

19 conduct within the state of Arizona.

20                       III.  PARTIES

21      3.  Plaintiff is a citizen of the United States and resident of the State of

22 Arizona living in Vail, Arizona which is located in Pima County where she has

23 been employed with defendant.

24      4.  Defendant Wells Fargo Bank, National Association. Inc., is a California

25 corporation doing business throughout the State of Arizona including Pima

26 County, Arizona as Wells Fargo Bank; defendant's operations include a Banking

27 Branch in Green Valley, Arizona.

28 //

IV.  GENERAL ALLEGATIONS

1

2       5.  Plaintiff is Hispanic, a bilingual Spanish-English speaker and employed

3   with defendant.

4       6.  While employed with defendant at the Green Valley Branch, all tasks

5   assigned to plaintiff were performed by her in a competent manner.

6       7.  While employed with defendant at the Green Valley Branch, plaintiff has

7   complained of discriminatory treatment, including discipline for speaking Spanish

8   at work during business hours while performing her assigned tasks with Spanish-

9   Speaking customers.

10      8.  Defendant's Green Valley Branch is located in an area that is populated

11  by Hispanic Spanish-Speaking Clienteles who routinely do business and have

12  accounts at the Branch.

13      9.  In spite of plaintiff's competent performance at the Green Valley Branch,

14  plaintiff's employment has been was been subjected to unwarranted scrutiny and

15  criticism.

16      10.  While employed with defendant at the Green Valley Branch, plaintiff

17  has been subjected to derogatory comments by co-employees and site

18  managers.

19      11. While employed with defendant at the Green Valley Branch, plaintiff

20  has been subjected to less favorable treatment than non-Hispanic co-employee's

21  in a number of ways including being denied scheduled day's off, accused of

22  misconduct and treated with disfavor.

23      12. While employed with defendant at the Green Valley Branch, plaintiff

24  has been subjected to less favorable co-employee's who have not reported or

25  complained of discrimination by being subjected to such treatment in a number of

26  different ways including denial of scheduled day's off, accused of misconduct and

27  treated with disfavor.

28      13.  While employed with defendant at the Green Valley Branch, plaintiff

- 2 -

1   has been subjected to a pattern of adverse and/or negative treatment that has

2   created a hostile work environment for her.

3       14.   While employed with defendant at the Green Valley Branch, plaintiff

4   repeatedly reported the discriminatory and retaliatory conduct she was being

5   subjected to by defendant's managers and employee to defendant's human

6   resources personnel; no investigation or remedial action occurred.

7       15.   At all times relevant to this lawsuit, plaintiff was an employee of

8   defendant within the meaning of 42 U.S.C. § 2000e(f).

9       16.   At all times relevant to this lawsuit, defendant was an employer within

10   the meaning of 42 U.S.C. § 2000e(b).

11       17.   At all times relevant to this lawsuit, defendant was an employer with a

12   workforce in excess of 1,000 employees within the meaning and provisions of 42

13   U.S.C. § 1981a.

14       18.   Plaintiff filed administrative Charges of Discrimination with the Civil

15   Rights Division of the Arizona Attorney General's Office (ACRD) and the United

16   States Equal Employment Opportunity Commission (EEOC), EEOC Charge No.

17   35A-2007-00428.

18       19. Plaintiff's charge of discrimination was served on defendant, who with

19   notice of plaintiff's claims had the opportunity to respond and to resolve plaintiff's

20   claims of discrimination.

21       20.   The EEOC issued plaintiff a Notice of Right to Sue dated September

22   22, 2008 which was received by plaintiff thereafter by delivery from the United

23   States Postal Service.

24       21.   Plaintiff has complied with all jurisdictional prerequisites for the timely

25   filing of this complaint.

26                              COUNT ONE

27           EMPLOYMENT DISCRIMINATION: 42 U.S.C. § 2000e-2

28       22.   Plaintiff hereby re-alleges and incorporates all allegations contained in

1 | paragraphs 1 through 21 as if fully set forth herein.

2 |     23.  Defendant's actions against plaintiffs constitute a violation of Title VII
3 | of the 1964 Civil Rights Act, 42 U.S.C. § 2000e-2.

4 |     24.  As a direct and proximate result of the conduct of defendant, plaintiff
5 | has suffered injury including but not limited to economic loss, emotional distress,
6 | humiliation, indignation, embarrassment, loss of enjoyment of life and deprivation
7 | of his right to equal employment opportunities.

8 | COUNT TWO

9 | EMPLOYMENT DISCRIMINATION: RACE; 42 U.S.C. § 1981

10 |     25.  Plaintiff hereby re-alleges and incorporates all allegations contained in
11 | paragraphs 1 through 24 as if fully set forth herein.

12 |     26.  Defendant's actions against plaintiff constitute violations of 42 U.S.C. §
13 | 1981.

14 |     27.  As a direct and proximate result of the conduct of defendant, plaintiff
15 | has suffered injury including but not limited to economic loss, emotional distress,
16 | humiliation, indignation, embarrassment, loss of enjoyment of life and deprivation
17 | of his right to equal employment opportunities.

18 | COUNT THREE

19 | EMPLOYMENT DISCRIMINATION: RETALIATION

20 |     28.  Plaintiffs hereby re-alleges and incorporates all allegations contained
21 | in paragraphs 1 through 27 as if fully set forth herein.

22 |     29. Defendant's actions against plaintiffs constitute violations of a violation
23 | of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e-3 and 42 U.S.C. §
24 | 1981.

25 |     30.  As a direct and proximate result of the conduct of defendant, plaintiff
26 | has suffered injury including but not limited to economic loss, emotional distress,
27 | mental anguish, humiliation, indignation and embarrassment, loss of enjoyment of
28 | life and deprivation of his right to equal employment opportunities.

COUNT FOUR

EMPLOYMENT DISCRIMINATION: HOSTILE WORK ENVIRONMENT

31.  Plaintiffs hereby re-alleges and incorporates all allegations contained in paragraphs 1 through 30 as if fully set forth herein.

32. Defendant's actions against plaintiffs constitute violations of a violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e and 42 U.S.C. § 1981.

33.  As a direct and proximate result of the conduct of defendant, plaintiff has suffered injury including but not limited to economic loss, emotional distress, mental anguish, humiliation, indignation and embarrassment, loss of enjoyment of life and deprivation of his right to equal employment opportunities.

V.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray:

1. That the court declare defendant's actions complained of herein to be in violation of 42 U.S.C.§§ 2000e-2 & 3, and 42 U.S.C. §1981.

2. That defendant be ordered to take appropriate affirmative acts to insure that the actions complained of herein are not engaged in again by defendant or any agents thereof and to place plaintiffs in the position they would currently enjoy but for defendant's unlawful discriminatory conduct.

3. That defendant, including all officers, directors, agents, employees and successors thereof, be permanently enjoined from discriminating or retaliating against any person in violation of 42 U.S.C. § 2000e-2 & 3, and 42 U.S.C. §1981.

4. That actual damages be awarded to plaintiff and against defendant;

5. That compensatory damages be awarded to plaintiff and against defendant;

6. That punitive be awarded to plaintiff and against defendant;

7.  That plaintiff be awarded her attorney's fees;

8. That plaintiff be awarded her costs; and

9. That plaintiff be awarded all other relief that the court deems just and

1   proper under the circumstances.

2   JURY TRIAL DEMAND

3   Pursuant to Rule 38, FRCP, a trial by jury is demanded.

4   DATED this 12th day of December 2008.

5

6   s/*Richard M. Martinez*, Esq.
    RICHARD M. MARTINEZ, ESQ.
7   Counsel for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28